

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/02/2008

| | | |
|---|---|---|
| IN RE: | § | |
| MARK KEENER; aka MARK BRADFORD | § | CASE NO: 03-44804 |
| KEENER, *et al* | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| JOSEPH M HILL | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 07-3494 |
| | § | |
| BMC SOFTWARE, INC. | § | |
|     Defendant(s) | § | |

**MEMORANDUM OPINION
CONCERNING TRUSTEE'S MOTION TO ABSTAIN AND REMAND (DOC. # 7);
MOTION FOR PROTECTIVE ORDER (DOC. #11) IS MOOT**

Trustee requests that the Court abstain and remand this adversary proceeding to state court.

### I.  BACKGROUND

The following is not contested.

In the IT industry, addressing the problem of IT components with the business functions they support is known as "Business Service Management" ("BSM"). The end product of most BSM solutions is known as a "Service Model" -- which is a graphic depiction of IT components showing their relationship to a business process.

Mark Keener ("Debtor") claims to have developed a proprietary Service Model technology which he called "Enterprise Business Alignment" ("Disputed Technology"). BMC Software ("BMC" or "Defendant") denies that the Disputed Technology is proprietary.

Joseph Hill, the chapter 7 trustee in Debtor's bankruptcy case ("Plaintiff" or "Trustee"), alleges that Debtor (through Clear Lake Software, LLC) disclosed to BMC a description and specification of the Disputed Technology in order to explore the prospects for commercializing the technology. On September 27, 2002, BMC executed a Mutual Confidentiality Agreement with Clear Lake Software, LLC. BMC introduced a product known as Remedy ITSM in 2005, which Plaintiff alleges exploits the Disputed Technology that Debtor provided to BMC.

The Trustee brought suit in state court alleging breach of the Confidentiality Agreement and misappropriation of trade secrets. The case was removed to this Court, and now the Trustee seeks mandatory abstention and remand

## II.   ANALYSIS

A.   Jurisdiction

United States district courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). That jurisdiction can be exercised by the bankruptcy unit of the district court, 28 USC § 157.

At a minimum, the Court has jurisdiction over this adversary proceeding because it is "related to" the bankruptcy case. Proceedings "related to" a bankruptcy case include "causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541," including a "state-law breach of contract action...." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n5 (5th Cir. 1995). State court lawsuits are related to the bankruptcy case if "the outcome of that proceeding could conceivably have [an] effect on the estate being administered in bankruptcy." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999).

If successful in asserting claims against BMC, the Trustee will recover damages on behalf of the estate, thus affecting the estate's assets and distribution of those assets. Therefore, the adversary proceeding is related to this bankruptcy case.

B.   Core v. Non-core Proceeding

Even though the Court has jurisdiction under 28 U.S.C. § 1334, it is not so clear whether the proceeding is a core proceeding or non-core proceeding. A bankruptcy judge may hear and may determine core matters. But unless the parties consent to the bankruptcy judge determining a non-core proceeding, the bankruptcy judge may hear the proceeding but must submit proposed findings of fact and conclusions of law to the district court for entry of a final order or judgment. See 28 U.S.C. § 157(c)(1).

> [S]ection 157 does not give bankruptcy courts full judicial power over all matters over which the district courts have jurisdiction under section 1334. With respect to proceedings other than the bankruptcy petition itself, section 157 divides all proceedings into two categories. Subsection 157(b)(1) gives bankruptcy judges the power to determine "all core proceedings arising under title 11, or arising in a case under title 11" and to enter appropriate orders and judgments. Subsection 157(c)(2) gives the bankruptcy judge the limited power to hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" and to submit proposed findings of fact and conclusions of law to the district court, subject to de novo review. The essential distinction that must

>be made, therefore, is whether this action is a core or non-core proceeding.
>*Matter of Wood*, 825 F.2d 90, 95 (5th Cir. 1987).

While the statute does not define core proceedings, § 157(b)(2) does provide a nonexclusive list, only one of which is arguably relevant here: § 157(b)(2)(A) matters concerning the administration of the estate. Defendant argues that this is core-proceeding because it alleges that the Trustee's claims are post-petition claims. To determine whether a matter is a core proceeding, the court must look to both the form and the substance of the proceeding. *Id*. at 97. A proceeding, as a whole, is determined to be core or non-core; however, in reaching this determination, each cause of action and each cause of action asserted against each defendant, is separately examined. *WRT Creditors Liquidation Trust v. C.I.B.C.*, 75 F.Supp.2d 596, 608 (S.D. Tex. 1999) (citations omitted). The Court looks at the causes of action separately below.

1.  Breach of Contract and Trade Secret -- Pre- v. Post-petition Claims

Courts generally agree that state law claims for pre-petition breaches of contract are treated as non-core proceedings and post-petition contract disputes are treated as core proceedings when they can be characterized as matters arising from the administration of the bankruptcy case. *WRT Creditors Liquidation Trust*, 75 F.Supp.2d at 610. The Trustee asserts causes of action for breach of contract and for misappropriation of trade secret. The contract or other rights arose pre-petition but involve both pre- and post- petition conduct. Cases dealing with both pre- and post-petition conduct are more difficult to classify. Generally they are considered non-core proceedings unless they involve significant and repeated post-petition activity. *Id.* at 611. (The court noted that decisions which have found core status involved significant and repeated post-petition transactions between a debtor, particularly a debtor-in-possession, and other parties pursuant to contracts which continued existing rights and obligations or established new rights and obligations among the parties.).

On September 27, 2002, BMC executed a Mutual Confidentiality Agreement with Clear Lake Software, LLC. Debtor filed his petition commencing the chapter 7 case on October 16, 2003. BMC introduced the alleged offending product, Remedy ITSM, in 2005. There is simply insufficient information before the Court to conclude that the causes of action for breach of contract and misappropriation of trade secret involve sufficient post-petition conduct to constitute core proceedings.

The Court concludes that Trustee's suit is a related proceeding because the outcome will have a substantial impact on the estate but that it does not arise under title 11 or arise in a case under title 11. The Court finds that the proceeding is a non-core matter.

C.  Mandatory Abstention

The Trustee alleges that the Court is required to abstain from determining the non-core issues under 28 U.S.C. § 1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
> 28 U.S.C. § 1334(c)(2).

"A district court must abstain from hearing state law claims if the following requirements are met: (1) the claims have no independent basis for federal jurisdiction other than section 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be adjudicated timely in state court." See *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir.1997) (citing *In re Gober*, 100 F.3d 1195, 1206 (5th Cir.1996)).

1.  The claims have no independent basis for federal jurisdiction other than section 1334(b)

Defendants have urged no basis for federal jurisdiction independent of 28 U.S.C. § 1334. "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979). Neither federal question nor diversity jurisdiction exists in this case.[1]

2.  The claims are non-core

As discussed above, the Trustee's claims for breach of contract and misappropriation of trade secret are non-core.

3.  An action has been commenced in state court

On November 1, 2007, Trustee filed an Original Petition against BMC in the 215th Judicial District Court in Harris County, Texas. (Doc. # 1).

4.  The action can be adjudicated timely in state court.

No issue has been raised as to the state court's ability to timely adjudicate the matter.

Therefore, mandatory abstention applies to the Trustee's non-core claims of breach of contract and misappropriation of trade secret.

---

[1] Trustee's complaint does not assert a patent, a question under federal law. Although Defendants anticipate the Debtor's patent application will be a defense, a defense cannot be the basis for federal jurisdiction. See the discussion of *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998), under judicial estoppel.

D.      Judicial Estoppel

BMC asserts that the case should be barred as a matter of law by judicial estoppel because Debtor failed to list the intellectual property in any form on his Schedules. Debtor cites for support *In re Superior Crewboats, Inc.*, 374 F.3d. 330 (5th Cir. 2004). *Superior Crewboats* is distinguishable because the case involves a debtor bringing a claim that had been abandoned by the trustee after the debtor had misrepresented the viability of the claim. A Plaintiff-Trustee cannot be judicially estopped by a debtor's omissions on Chapter 7 schedules because the Trustee did not take a "contrary position" in any former judicial proceeding. See, *In Re Miller*, 347 B.R. 48 (Bankr. S.D. Tex. 2006).

In any event, judicial estoppel is not a claim that arises in or arises under title 11. Judicial estoppel is an affirmative defense. Fed. R. Civ. P. 8(c)(1); *Lozano v. Ocwen Federal Bank*, 489 F.3d 636, 638 (5th Cir. 2007).[2] Federal jurisdiction cannot be based on a properly pled defense even if it is a federal issue.

> Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Thus, "a case many not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."
> *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citations omitted).

Applying the same reasoning, classification of a matter as a core or non-core matter would not be determined by assertion of a defense.

E.      Attorneys Fees

Attorneys fees should be awarded if the removing defendant did not have "objectively reasonable" grounds to believe that removal was legally proper. See, *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293-94 (5th Cir. 2000). The Court has struggled with the decision on whether to remand. BMC's grounds were reasonable.

F.      Motion for Protective Order (Doc. # 11)

Because the Court concludes that this adversary proceeding must be remanded to state court, the pending Motion for Protective Order is moot.

---

[2] Trustee argues that BMC has failed to plead this defense, and therefore it is not even properly before the Court. The Court allowed further briefing on the issue by oral order at hearing February 11, 2008, effectively allowing an amendment of the pleading.

### III. CONCLUSION

By separate order issued this date, this case is remanded to the 215th Judicial District Court in Harris County, Texas.

By separate order issued this date, award of attorneys fees is denied.

SIGNED 04/02/2008.

*Wesley W. Steen*
Wesley W. Steen
United States Bankruptcy Judge